**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Carmine Luste,

Plaintiff

v.

U.S. Bank National Association,

Defendant

Case No.: 2:25-cv-01526-JAD-NJK

**Order Denying Plaintiff's Motions for a Temporary Restraining Order, Preliminary Injunction, and Non-Jury Determination**

[ECF Nos. 3, 4, 5]

Carmine Luste sues the U.S. Bank National Association for alleged wrongs he suffered when the bank reversed a deposit into his account because a check he deposited was returned unpaid.[1] To initiate this action, Luste simultaneously filed his complaint, an *in forma pauperis* application seeking leave to litigate this case without paying the filing fee, emergency motions for a temporary restraining order and preliminary injunction, and a motion "for non-jury determination and expedited proceedings."[2] I deny his injunctive-relief and non-jury determination motions because he has not shown that he is entitled to that relief.

**Discussion**

**A. Luste is not entitled to preliminary injunctive relief.**

Temporary restraining orders and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[3] The Supreme Court clarified in *Winter v. Natural Resources*

---

[1] ECF No. 1-1.

[2] ECF Nos. 3, 4, 5. Luste also filed an "emergency motion to preserve evidence." ECF No. 6. That motion is pending before the magistrate judge assigned to this case because she is tasked with handling discovery-related matters. So I express no opinion about the merits of that motion.

[3] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

*Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."[4] The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[5] Under either approach, the starting point is a merits analysis.

Luste relies on 12 C.F.R. § 229.54 as the basis of his claim. That regulation implements the congressional scheme set out in 12 U.S.C. § 5006 as part of the Check Clearing for the 21st Century Act (the "Check 21 Act"). As relevant here, the Act establishes that substitute checks—copies of an original check that meet certain requirements under 12 U.S.C. § 5002—may be used as "the legal equivalent of the original check for all purposes."[6] Section 5006 and 12 C.F.R. § 229.54 provide a mechanism for a consumer to "make a claim for expedited recredit from the bank that holds" the consumer's account if the bank improperly "charged the consumer's account for a substitute check."[7] Luste claims that he filed a claim with U.S. Bank under § 229.54 but that it violated its obligations under that regulation because it "refused [to] timely recredit [his account] . . . and failed to provide a compliant written denial under § 229.54(e)(2)."[8]

---

[4] *Id.* at 20.

[5] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[6] 12 U.S.C. § 5003(b).

[7] 12 U.S.C. § 5006(a)(1); 12 C.F.R. § 229.54(a).

[8] ECF No. 1 at 6.

Assuming without deciding that § 229.54 confers a private right of action against a bank if it fails to comply with the regulation's requirements, Luste has not sufficiently shown that he is likely to succeed on the merits of his claim. Luste's complaint and exhibits suggest that Luste presented a check to U.S. Bank and the bank credited those funds into his account, but when the check was "subsequently returned unpaid," the bank removed those funds.[9] He does not allege or explain how the recredit provisions related to substitute checks apply to this scenario. Rather, Luste's own description of what happened here suggests that U.S. Bank reversed the provisional credit to his account because the check bounced—not because of any issue with the substitute check itself. This is normal banking procedure: if a check is drawn on insufficient funds, a bank cannot transfer those nonexistent funds to the check's intended recipient. So, because the facts presented with Luste's claim do not appear to entitle him to any relief under the Check 21 Act, I conclude that he hasn't shown a likelihood of success on the merits of his claims.

**B. Luste's motion for expedited proceedings is denied.**

Luste seeks a non-jury determination of his claim and expedited proceedings "given the ongoing irreparable harm caused by [U.S. Bank's] refusal to comply with the Check 21 Act" and its implementing regulations.[10] Luste's non-jury-determination request is premature and unsupported, and I deny his request for expedited proceedings. Because Luste seeks to proceed *in forma pauperis* (IFP) in this case, his IFP application must be ruled on and his complaint must be screened by the magistrate judge assigned to this case before his claims can move forward against U.S. Bank. Because this court has hundreds of pending IFP motions to decide and complaints to screen, this process may take several months. Particularly in light of my

---

[9] *See* ECF No. 7 at 2 ("expedited recredit claim packet"), 9 (reproduction of the check marked returned for "[in]sufficient funds").

[10] ECF No. 5 at 1.

conclusion that Luste has not shown a likelihood of success on the merits of his claim, he has also not shown that a departure from this standard process is warranted in his case.

**C. Luste is advised that exhibits filed in this case must be attached to motions seeking specific relief.**

Since this case was filed earlier this week, Luste has filed two sets of documents labeled "exhibits."[11] Luste does not explain what those exhibits are meant to support, nor can the court find any references to those exhibits in the motions Luste has filed thus far. As a one-time courtesy, I construe those exhibits as support for his injunctive-relief motions and consider them for that purpose. But in the future, Luste must attach any exhibits to the motion they are meant to support in compliance with this court's local rules. He must also cite to those exhibits in the motion itself and explain their significance to his claims—the court will not consider further exhibits that are not specifically referenced as support for arguments made in Luste's briefs.

**Conclusion**

IT IS THEREFORE ORDERED that Carmine Luste's motions for a temporary-restraining order, preliminary injunction, and expedited proceedings **[ECF Nos. 3, 4, 5] are DENIED**.

U.S. District Judge Jennifer A. Dorsey
August 20, 2025

[11] ECF Nos. 7, 8.