# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Carmine Luste, | Case No. 2:25-cv-01526-JAD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 1] |
| U.S. Bank National Association, | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

**I.   *In Forma Pauperis* Application**

Plaintiff filed an affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.

**II.   Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

A complaint must be complete in and of itself without referencing other pleadings or papers on file. Local Rule 15-1(a); *see also, e.g.*, *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). In screening a complaint, the Court cannot piece together claims based on various pleadings and exhibits filed across the docket. *See, e.g.*, *Fletcher v. Dreesen*, 2023 WL 8933590, at *1 (D. Nev. Dec. 27, 2023).

Plaintiff filed a complaint alleging wrongs he suffered when Defendant U.S. Bank reversed a deposit into his account because a check he deposited was returned unpaid. Docket No. 1-1. On October 20, 2025, Plaintiff filed a supplement to the complaint, as well as a memorandum of clarification. Docket No. 11. The supplement is not a complaint that is complete in and of itself, pointing back to the original complaint and exhibits that Plaintiff has filed in the interim. *See, e.g.*, *id.* at 3. As explained above, however, the Court cannot screen various filings in piecemeal fashion to determine whether Plaintiff has stated a claim for relief. Plaintiff must file a single complaint that is complete in and of itself.

2

Accordingly, Plaintiff's original complaint is **DENIED** without prejudice. Plaintiff is given leave to file an amended complaint that is complete in and of itself.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff is not required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1-1) on the docket.

3. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **December 5, 2025**, to file an amended complaint. Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: November 12, 2025

_____
Nancy J. Koppe
United States Magistrate Judge