**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Carmine Luste,

     Plaintiff(s),

v.

U.S. Bank National Association,

     Defendant(s).

Case No. 2:25-cv-01526-JAD-NJK

**REPORT AND RECOMMENDATION**

Courts have the authority to dismiss cases *sua sponte* without notice when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

Plaintiff brings this case based on allegations that U.S. Bank improperly removed funds from his account because a substitute check was defective and that U.S. Bank then failed to take

appropriate action to rectify that situation. *See* Docket No. 21.[1] While Plaintiff frames his claims as arising out of a defect with a substitute check, he states repeatedly elsewhere on the docket that the funds were removed from his account <u>due to insufficient funds</u> (not because of a defect in a substitute check), *see, e.g.*, Docket No. 1-4 at 2 ("the deposit was reversed as NSF"). Indeed, Plaintiff has filed a copy of the actual bounced check stating plainly that it was returned for the reason of "not sufficient funds." Docket No. 7 at 9.[2] As has already been explained in this case, "[t]his is normal banking procedure: if a check is drawn on insufficient funds, a bank cannot transfer those nonexistent funds to the check's intended recipient." Docket No. 9 at 3.

Plaintiff's claims that the funds were withdrawn from his account due to a defect in a substitute check are frivolous and delusional. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

Dated: February 3, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] The Court ordered Plaintiff to file a single complaint for screening. Docket No. 12 at 2-3. Plaintiff has since filed at least two different versions of a complaint in repetitious fashion. Docket Nos. 13, 14, 17, 18, 21.

[2] The Court may dismiss as frivolous and delusional whether or not there are judicially noticeable facts available to contradict the allegations in the complaint. *Denton*, 504 U.S. at 33. Notably, however, courts have discretion to take a party's statements in briefing as judicial admissions. *See, e.g.*, *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003).